[No. 2678. Decided December 22, 1897.]

REBEKAH T. FURNESS et al., Plaintiffs, v. THEODORE L. STILES et al., Respondents, THOMAS DEWITT CUYLER et al., as Assignees of The Solicitors Loan and Trust Company, Appellants.

MORTGAGES — EXTENSION OF PAYMENT — INTEREST NOTES — CONSIDERATION.

Where the holder of a mortgage agrees to an extension of the time of payment in consideration of the execution of additional coupon notes at the rate of interest provided for in the mortgage, which was six per cent., but the agent of the mortgagee in-

duces the mortgagor to execute an additional note to cover a sum amounting to three per cent. interest, on the representation that the extension would only be granted on an agreement to pay nine per cent. interest, and the note for three per cent. interest is made payable to the agent and accepted by it without knowledge of the mortgagee, and is only executed by the mortgagor because he believes it demanded by the mortgage holder, such note cannot be enforced for want of a consideration.

Appeal from Superior Court, Pierce County.—Hon. J. A. WILLIAMSON, Judge. Affirmed.

*Tillinghast & Pritchard*, for appellants.

*Hugh Farley*, and *T. L. Stiles*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action to foreclose a mortgage on real estate, brought by Rebekah T. and Laura Furness against the respondents and appellants as defendants. The appellants filed a cross-complaint containing two causes of action, the second of which set up a second mortgage upon the premises for the principal sum of $317.20. To this answer and cross-complaint the respondents filed an answer, to which appellants replied, and on the issues thus joined between appellants and respondents upon the second cause of action in the cross-complaint this controversy arises.

It appears that the respondent several years ago executed a mortgage to the Solicitors' Loan and Trust Co. for $4,000. Afterwards an agreement was entered into by which the mortgage was to be extended, subject to the terms and conditions in the promises of said respondent to pay nine per cent. interest on said loan. For this interest he executed coupon interest notes, payable to bearer, due every six months, for the amount of interest at the rate of six per cent.; the remaining three per cent., amounting to the sum of $317.20, he agreed to pay within one year, and executed said note and mortgage of appellants

made payable to the Solicitors' Loan and Trust Co. to secure payment thereof.

It is contended by the respondent in this case that he was imposed upon by the Solicitors' Loan and Trust Co.; that he was not aware that they had sold the original mortgage to the plaintiffs in this case, nor that they were acting as agents of the plaintiffs, but was led to believe that he was dealing with the original owners of the mortgage, whereas in fact the owners of the mortgage, to-wit, the plaintiffs, were willing to extend and did extend the mortgage for the consideration of six per cent.; that the three per cent. additional which is represented by the second mortgage for $317.20 was obtained by the appellants through a misrepresentation; and that there was no consideration for such note and mortgage, and that it is therefore void. This view of the case was taken by the lower court, and the respondent was discharged from this obligation.

The twelfth finding of fact, which is objected to by the appellants, is as follows:

" The court further finds that the Solicitors' Loan and Trust Company paid no consideration to said defendants, Stiles, or either of them, for said promissory note for $317.20 and said mortgage to secure the same, and that said note and mortgage were executed and delivered by said defendants Stiles without any consideration and under a mistake of fact, to-wit: under the belief that the said Solicitors' Loan and Trust Company was the owner and holder of said principal note and mortgage for $4,000.00 and without any knowledge or information that the same had been assigned and delivered to, and was owned by, the plaintiffs herein."

The appellants have excepted to this finding and challenge its correctness in their brief and their argument in this case. But an examination of the record convinces

us that the court was justified in making this finding and that the conclusions of law logically and legally followed the findings of fact. The representation made to the respondent was that nine per cent. was the lowest rate at which the loan could be extended, when as a matter of fact, the owners of the note and mortgage were willing to extend the same for six per cent. interest, and did extend the same on the basis of that rate of interest, for that was all the owners of the note got, it being conceded that the note which represented the other three per cent. was the property of the appellants. When the six notes which represented the six per cent. interest were turned over to the plaintiffs and they accepted them, then the contract for an extension was complete, and the note for $317.20 did not figure in that transaction, and in no way led plaintiffs to the ratification of the contract. The appellants here were purely and simply acting as agents for the plaintiffs, and, under the representations that they made, they must look to the plaintiffs for their pay for services rendered, and not to the respondent, who thought he was dealing with the principal and not with the agent. To our minds it is plain that there was no real consideration for the second mortgage. The judgment is affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.